04-40026

AO 243
REV 6/82

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District  DISTRICT OF MASSACHUSETTS | |
|---|---|---|
| Name of Movant  LUIS MARTINEZ-TORRES | Prisoner No.  80208-038 | Docket No.  4:99CRA0028-003 |
| Place of Confinement  USP Lewisburg | | |

(include name upon which convicted)

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | v. | LUIS MARTINEZ-TORRES |
| | | (full name of movant) |

### MOTION

1. Name and location of court which entered the judgment of conviction under attack __United States__

   __District Court for the District of Massachusetts__

2. Date of judgment of conviction __Oct. 10th, 2001.__

3. Length of sentence __188 Months__

4. Nature of offense involved (all counts) __Conspiracy to distribute Cocaine base and__

   __Distribute of Cocaine base.__

   _____

   _____

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   __N/A__

   _____

   _____

6. Kind of trial: (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243
REV 6/82

9.  If you did appeal, answer the following:

   (a) Name of court __U.S. Court of Appeals for the First Circuit__

   (b) Result __Denied__

   (c) Date of result __Dec. 19th, 2002.__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
   Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __N/A__

       (2) Nature of proceeding _____

       _____

       (3) Grounds raised_____

       _____

       _____

       _____

       _____

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐ No ☐

       (5) Result_____

       (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Nature of proceeding _____

       _____

       (3) Grounds raised_____

       _____

       _____

       _____

       _____

AO 243
REV 6/82

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result_____**N/A**_____

    (6) Date of result _____

 (c) As to any third petition, application or motion, give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    _____

    (3) Grounds raised_____

    _____

    _____

    _____

    _____

    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐
    (5) Result _____
    (6) Date of Result _____

 (d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐ No ☐
    (2) Second petition, etc.    Yes ☐ No ☐
    (3) Third petition, etc.     Yes ☐ No ☐
 (e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    _____

    _____

    _____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

    (b) Conviction obtained by use of coerced confession.

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **Petitioner denied his Sixth Amendment right to jury.**

Supporting FACTS (tell your story *briefly* without citing cases or law:

**(See attached Memorandum of law)**

B. Ground two: **Sentencing Guidelines unconstitutional as applied in this case.**

Supporting FACTS (tell your story *briefly* without citing cases or law):

**(See attached Memorandum of law)**

C. Ground three: **N/A**

Supporting FACTS (tell your story *briefly* without citing cases or law):

AO 243
REV 6/82

D.  Ground four: _____ **N/A** _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

**All claims should be consider under ineffective assistance of counsel.**

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein: **John M. Cicilline, Esq., 129 Dorrance Street, Providence, Rhode Island 02903.**

(a) At preliminary hearing _____

(b) At arraignment and plea ___ **same as above** _____

(c) At trial _____ **same as above** _____

(d) At sentencing _____ **same as above** _____

AO 243
REV 6/82

(e) On appeal __same as above_____

_____

(f) In any post-conviction proceeding __**N/A**_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding __**N/A**_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐ No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: __**N/A**_____

    _____

    _____

    (b) Give date and length of the above sentence: __**N/A**_____

    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐ No ☒

    Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

    _____
    Signature of Attorney (if any)

    I declare under penalty of perjury that the foregoing is true and correct. Executed on

    __Feb. 20th, 2004___
        (date)

    _____
    Signature of Movant

(7)

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT
OF SECTION 2255 PETITION

WHETHER PETITIONER'S SIXTH AMENDMENT RIGHT TO JURY TRIAL
WAS VIOLATED WHERE HE WAS EXPOSED TO A PENALTY EXCEEDING
THE MAXIMUM PUNISHMENT HE WOULD RECEIVE IF PUNISHED ACCOR-
DING TO THE FACTS REFLECTED IN THE JURY VERDICT ALONE AND
WHETHER AGGRAVATING FACTORS, NAMELY, DRUG QUANTITY AND ROLE
IN THE OFFENSE, OPERATED AS THE FUNCTIONAL EQUIVALENT OF AN
ELEMENT OF A GREATER OFFENSE THAN THE ONE COVERED BY THE
JURY'S GUILTY VERDICT?

REVIEW:

Petitioner claims that all references to Apprendi v. New Jersey, 530
U.S. 466 (2000); and Ring v. Arizona, 122 S. Ct. 2428 (2000), are to be given
retrospective application. See, Griffith v. Kentucky,479 U.S. 314 (1987).

Motion to Vacate or Set Aside Sentence based on calculation of base
offense level which took form of claim of ineffective assistance of counsel
was not procedurally barred by failure to raise it on direct appeal. Johnson
v. United States, 313 F.3d 815 (2nd Cir. 2002); Massaro v. United States, 538
U.S. 500 (2003). An error increasing a defendant's sentence by as little as
six months under the Federal Sentencing Guidelines can be prejudical within
the meaning of meaning of Strickland v. Washington, 466 U.S. 668 (1984).  See,
Glover v. United States, 531 U.S. 198 (2001).

ARGUMENT:

Petitioner, hereinafter ("Torres"), claims that his sixth Amendment right
to jury trial was denied where he was exposed to a penalty exceeding the maxi-
mum he would receive if punished according to the facts reflected in the jury
verdict alone.

---

* Notable, the claims listed below where address on direct appeal by
the Petitioner in a pro se supplemental brief.  However, the Court
of Appeals did not identified whether petitioner's claims where
without merit.

1

The Sixth Amendment to the U.S. Constitution provides in relevant part:

> In all criminal prosecutions, the accused shall
> enjoy the right to a speedy and public trial,
> by an impartial jury of the State and district
> wherein the crime shall have been committed

A defendant in a criminal case has the "fundamental" right to trial by a jury of his peers. Duncan v. Louisiana, 391 U.S. 145 (1968). The trial of issues of fact in the federal courts must be by jury. Hodges v. Easton, 106 U.S. 408. Accord, Singer v. United States, 380 U.S. 24, 35-36 (1965)(Trial by jury has been established by the Constitution as a "normal and ... preferable mode of disposing of issues of fact in criminal cases").

In the case at bar, the district court found the existence of the fact that an aggravating factor existed, where the court attributed 600 grams of cocaine base to Torres. The court then found that Torres was an organizer or supervisor of the offense of conviction as described under USSG § 3B1.1(c).

These findings resulted in a base offense level of 38. However, the district court afforded Torres a two-level decrease for acceptance of responsibility. Thereby, establishing a guideline range of 188-235 months.

Recently, in Ring v. Arizona, 536 U.S. —, 153 L.Ed 2d 556 (2002), the Supreme Court held that, "[t]he Sixth Amendment does not permit a defendant to be expose[d] ... to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone." Id., at 153 L.Ed 2d at 564. "This prescription governs," id., at 153 L.Ed 2d at 564, the Court concluded, and as a consequence determined that "Apprendi's reasoning is irreconcilable with Walton's [v. Arizona, 497 U.S. 639 (1990)] holding in this re-

2

gard." Id.  See, Apprendi v. New Jersey, 530 U.S. 466 (2000).  Because "Arizo-
na's enumerated aggravating factors operate as 'the functional equivalent of
an element of a greater offense,' the Sixth Amendment requires that they be
found by a jury." Ring, 122 S.Ct. at 2441, quoting Apprendi, 530 U.S. at 494 n.
19.

It is noteworthy to mention, less Torres's argument be confused with an
Apprendi claim, that Apprendi's holding was limited to facts that increase the
sentence **beyond the prescribed statutory maximum**.  See, e.g., U.S. v. Caba, 241
F.3d 98 (1st Cir.2001); U.S. v. Nealy, 232 F.3d 825, 829 n.3 (11th Cir.2000);
U.S. v. Doggett, 230 F.3d 160, 165 (5th Cir.2000); Talbott v. Indiana, 226 F.3d
866, 869 (7th Cir.2000)(Apprendi does not affect application of the relevant-
conduct rules under the Sentencing Guidelines to sentences that fall within a
statutory cap).  Accord, U.S. v. Kinter, 235 F.3d192, 199 (4th Cir.2000)(hol-
ding that prescribed statutory maximum is the maximum under the statute crimi-
nalizing the offense).  However, the Ring Court focused its analysis on facts
that increase the sentence beyond the maximum according to the **facts reflected**
in the jury's guilty verdict, not facts that increase the sentence beyond the
"prescribed statutory maximum." Apprendi, 120 S.Ct. at 2362-63.  This distinc-
tion between Apprendi and Ring, is materially critical.

Specifically, in analyzing the facts in the Ring decision, it becomes re-
latively apparent that had the Court focused its analysis under Apprendi's li-
mited holding, the outcome of the decision would have been different.  For in-
stance, the aggravating factor found by the judge —under Arizona law, authori-
zed the judge to impose the **prescribed statutory** maximum sentence of death.

3

Inasmuch, for all practicable purposes, Ring did not receive a sentence "beyond the prescribed statutory maximum," [et sic], no Apprendi violation.

Thus, it was only where the Supreme Court fully adopted the constitutional principle that, "the Sixth Amendment does not permit a defendant to be exposed ... to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone," was Walton, overruled.  In other words, the Ring decision focused its inquiry on facts that, absent a jury finding, exposes a defendant to a penalty exceeding the maximum allowed by the jury's guilty verdict, although, not in excess of the prescribed statutory maximum.  Consequently, earlier "superficial" inquiries into the extent of the Supreme Court's Sixth Amendment jurisprudence following Apprendi, must be reconsidered.  See, Susan N. Herman, Symposium: Legal Issues and Sociolegal Consequences of the Sentencing Guidelines: Applying Apprendi to the Federal Sentencing Guidelines: You Say You Want a Revolution?, 87 Iowa L.Rev. 615, 619-20 (2002) ("lower courts have contended themselves with only superficial analysis ... providing the Supreme Court with little assistance").

Apprendi and Ring's factual distinction was illuminated where the Ring Court, in reasoning, noted that the key distinction for the reconciliation of Apprendi and Walton, as described by the Apprendi majority was that a conviction for first-degree murder in Arizona carried a maximum sentence of death. "[O]nce the jury has found the defendant guilty of all elements of an offense which carries as its maximum penalty the sentence of death, it may be left to the judge to decide whether that maximum penalty, rather than the lesser one, ought to be imposed." Ring, 153 L.Ed 2d at 573, quoting Almendarez-Torres v.

4

United States, 523 U.S. 224, 257 n.2 (1998)(Scalia, J., dissenting)(internal quotation marks omitted). The Apprendi dissenters called the Court's distinction of Walton "baffling." Id., at 530 U.S. at 538 (O'Connor, J., dissenting). The Apprendi Court claimed that "'the **jury** makes **all of the findings** necessary to **expose** the defendant to a death sentence.'" Ring, 153 L.Ed 2d at 573. "That, the dissent  said, was 'demonstrably untrue,' for a 'defendant convicted of first-degree murder in Arizona cannot receive a death sentence unless a judge makes the factual determination that a statutory aggravating factor exists.'" Ring, 153 L.Ed 2d at 573. Thus, "Arizona['s] first-degree murder statute 'authorizes a maximum penalty of death only in a formal sense [...].'" 153 L.Ed 2d at 573-74, quoting Apprendi, 530 U.S. at 541 (O'Connor, J., dissenting). So too, under the Federal Sentencing scheme, is the presumptive maximums under the statute criminalizing the offense, merely **maximums** "in a formal sense." In reality, the judge must impose a sentence within the guideline range that applies to the offense of conviction. See, Mistretta v. United States, 488 U.S. 361, 109 S.Ct. 647 (1989)([T]he Guidelines "have the force and effect of law")(Scalia, J., dissenting); accord United States v. R.L.C., 503 U.S. 291 (1992).

Even under the penal statute criminalizing the offense, e.g., 21 U.S.C. § 841(b)(1)(A), which provides for a sentence of not less than ten (10) years, but not more than Life; the judge cannot sentence a defendant to more than ten years "unless further findings [are] made." Ring, 153 L.Ed 2d at 577. However, when a sentence is imposed in **excess** of the maximum punishment reflected in the jury's verdict, it is "the functional equivalent of an element of a greater offense." Ring, 153 L.Ed 2d at 577. Inasmuch, the key under Ring is not the degree of the

increase tied to the given fact, but the structural question whether the fact is tied to a legally mandated increase in the range of punishment. "[A]ll facts which must exist in order to subject the defendant to a legally prescribed punishment must be found by the jury." 530 U.S. at 499 (Scalia, **J.**, concurring). See also, U.S. v. Mack, 229 F.3d 226, 237 (3d Cir.2000)(Justice Thomas's concurrence argued that any fact that alters the **range** of punishments to which a defendant is exposed must be found by a jury)(Becker, Chief Judge, concurring); USSG § 2D1.1, comment. (n.12)(Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the **court shall** approximate the quantity of the controlled substance); USSG § 3B1.1(c)(If the defendant was an organizer, ... or supervisor ... increase by 2 levels).

The reasoning of this argument is best began by determining the maximum punishment to which Torres was **exposed** according to the facts reflected in the jury's verdict. Accordingly, Torres pled guilty to conspiracy to posses with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) & § 846. Torres's indictment made no mention of particular drug quantity, nor did it contain any allegation of 'role in the offense.' Under these circumstances, according to USSG § 2D1.1, the threshold quantity, i.e., absent any quantity to trigger the enhanced provisions under § 841(b)(1)(A) & (B), is less than 250 MG of cocaine case. See, USSG § 2D1.1(c)(14). The Guidelines assign an offense level of **12** for such a violation. Therefore, Torres was exposed to a sentence of at most **16** months, **not** 20 years, according to the facts reflected in the jury's verdict. "[U]nder the Sentencing Guidelines, U.S.S.G. § 2D1.1, the so-called threshold quantity under section 841(b)(1)(C) is not 5 grams, as under 841(b)(1)

6

(B), but, rather, [250 MG's]. The Guidelines assign an offense level of 12 to a defendant found to possess less than [250 MG's of cocaine base]." U.S. v. Benehaley, 281 F.3d 423, 427 (4th Cir.2002)(Luttig, J., dissenting).

Again, while it may appear that the maximum potential punishment that Torres faced was twenty (20) years, per § 841(b)(1)(C), this suggestion is demonstrably untrue when viewed in comparison to the maximum punishment according to the fact reflected in the jury verdict. Inasmuch, like Ring, the maximums under the penal statute criminalizing the offense are theoretical, or, in the words of Justice O'Connor, "only [maximums] in a formal sense." Apprendi, 530 U.S. at 541. In order for Torres to be exposed to a higher penalty on the aforementioned Count of conviction, the district court must **sua sponte** find the existence of the fact that an aggravating factor exists. However, and as noted by Justice Scalia, "[w]hat today's decision says is that the jury must find the existence of the fact that an aggravating factor existed." Ring, 153 L.Ed 2d at 579 (Scalia, J., concurring). In the instant case, the jury did not find the existence of the aforementioned factors, to wit, 600 grams of cocaine base and (ii) role in the offense. Therefore, **these** factors are not facts reflected in the jury's verdict. Consequently, this graduation of a higher penalty is per Ring, "the functional equivalent of an element of a greater offense." Id. See, Mack, supra, 229 F.3d, at 241 ("[T]he Court emphasized that 'the relevant inquiry is one not of form, but of effect —does the required finding expose the defendant to a greater punishment than authorized by the jury's guilty verdict alone'"), quoting Apprendi, 120 S.Ct. at 2365.

One need only ask the question, whether under the federal sentencing

7

scheme may a district court judge **legally** impose a sentence of life for a violation of § 841(b)(1)(A), or **40** years for § (b)(1)(B), or **20** years for § (b)(1)(C), absent the finding of additional aggravating factors.  This question, Torres respectfully submits, must be answered in the **negative**.  This same **negative** was answered in <u>Ring</u>, where the Court retreated from its earlier reasoning in <u>Apprendi</u>, where it believed that "the jury makes **all of the findings necessary to expose** the defendant to a death sentence." Id., at 153 L.Ed 2d at 573.  Contrariwise, "[b]ased solely on the jury's verdict finding Ring guilty ... the maximum punishment he could have received was life imprisonment. ... This was so because, in Arizona, a death sentence may <u>not</u> **legally** be imposed ... unless at least one aggravating factor is found to exist [...]." Id., at 153 L.Ed 2d at 569 (internal quotations and citation marks omitted)(emphasis added).  Cf. the U.S.S.G., requiring the court to find the existence of additional aggravating factors before a heightened penalty may be **legally** imposed.

    The instant case is synonymous.  Based solely on the jury's verdict, Torres's maximum exposure to punishment was **16** months.  Freed from the view that the maximum sentence under the statute criminalizing the offense is the focus of the inquiry, "there is no constitutional difference between the graduations of offenses that exist within section 841(b)(1)[(A), (B) &] (C) by operation of the Guidelines and the graduation of offenses ... created within section 841 as a whole." <u>Benehaley</u>, 281 F.3d, at 427.  "The Sixth Amendment is no less offended by a judicially-imposed sentence in excess of that authorized by Guidelines (based upon a judicial finding of quantity), than by a sentence in excess of that authorized by statute (based upon the same judicial finding of quantity).

The defendant has been equally deprived of his right to a trial by jury in both circumstances." Benehaley, 281 F.3d, at 429-30.

Considering the foregoing, Torres's Sixth Amendment right to trial by jury has been violated.

B.   Drug quantity and the Role in The Offense provisions under § 3B1.1 are Elements of a Separate Aggravated Crime.

After Apprendi and Ring, in determining whether a particular fact is only to be considered by preponderance of the evidence, the Court has instructed "that the relevant inquiry is one not of form, but effect." Id., at 153 L.Ed 2d at 572. "If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, the fact no matter how the State labels it must be found by a jury beyond a reasonable doubt." Ring, 153 L.Ed 2d at 572. "[T]he fundamental meaning of the jury-trial guarantee of the Sixth Amendment is that all facts essential to imposition of the level of punishment that the defendant receives —whether the statute calls them elements of the offense, sentencing factors, or Mary Jane —must be found by the jury beyond a reasonable doubt." Ring, 153 L.Ed 2d at 578 (Scalia, J., concurring).

The Ring majority teaches us that when a defendant is exposed to a sentence exceeding the maximum "authorized by the jury's guilty verdict," id., at 153 L.Ed 2d at 573, "it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." Id., at 153 L.Ed 2d at 574, quoting Apprendi, at 495, 120 S.Ct. 2348. In teaching, the Court noted that in Walton, it drew support from Cabana v. Bullock, 474 U.S. 376 (1986), in

9

which the Court held there was no constitutional bar to an appellate court's finding that a defendant killed, attempted to kill, or intended to kill, as Enmund v. Florida, 458 U.S. 782 (1982), required for imposition of the death penalty in felony-murder cases. The Enmund finding could be made by a court, Walton maintained, because it entailed no "element of the crime of capital murder; it only place[d] a substantive limitation on sentencing." Ring, 153 L.Ed 2d at 570 (internal quotation marks omitted). Finding this logic factually unpersuasive, Justice Stevens wrote in dissent that the Sixth Amendment requires "'a jury determination of facts that must be established before the death penalty may be imposed.'" Ring, 153 L.Ed 2d at 570, quoting Walton, at 709, 110 S.Ct. 3047 (Stevens, J., dissenting). Justice Stevens correctly noted that under Arizona law, Aggravators "'operate as statutory 'elements' of capital murder' ... 'because in their absence, [the death] sentence is unavailable.'" Id., at 153 L.Ed 2d at 570. Thus, aggravating factors that expose a defendant to a greater punishment than that authorized by the jury's verdict are not elements of **that** crime, but "element[s] of a **greater** offense." Id.

Under such circumstances, [we] may, under the prevailing weight of authority, consider (i) drug quantity, and (ii) role in the offense, elements of a greater offense where they exposed Torres to a sentence exceeding the maximum authorized by the jury's guilty verdict. In defining the separate offense, the Ring Court adopted Justice Thomas' interpretation that, "if the legislature defines some core and then provides for increasing the punishment of that crime upon a finding of some aggravating fact[,] . . . the core crime and the aggravating fact together constitute an aggravated crime [. . .]." Ring, 153

10

L.Ed 2d at 574, quoting <u>Apprendi</u>, at 501, 120 S.Ct. 2348 (Thomas, **J**., concur-ring).

The "core crime" in the instant case is a violation of 21 U.S.C. § 841(a)(1) & § 846. The U.S. Congress has provided for an increase in punishment for threshold quantity of drugs and Torres's role in the offense —role in the core crime. Considering the facts of this case, there can be no argument suggesting that Torres was not exposed to a greater offense than the one co-vered by the jury's guilty verdict. And while the government must concede that, after <u>Ring</u>, aggravating factors in a federal prosecution that tend to expose a defendant to a penalty exceeding the maximum authorized by the jury's verdict must be found by a jury, this does not suggest that the government can cure the constitutional defects in the statute, namely, 21 U.S.C. § 841(a), § 846, 18 USC § 3553(b), sua sponte charging aggravating factors, or, in the Court's interpre-tative words, "elements of a greater offense" in the indictment.  "[U]nder our federal system it is only Congress, and not courts [or the executive], which can make conduct criminal." <u>Bousley v. United States</u>, 523 U.S. at 620-21 (1998). This much was acknowledged in <u>Ring</u> where the Court observed:

> In various settings, we have interpreted the Constitution to require the addition of an element or elements to the definition of a crimi-nal offense in order to narrow its scope (citing cases).
>
> If a legislature responded to one of these decisions by adding the ele-ment we held constitutionally required, surely the Sixth Amendment gua-rantee would apply to that element.

Id., at 153 L.Ed 2d at 575.

Because the enumerated aggravating factors within the Federal Sentencing Guidelines, namely, drug quantity and role in the offense, § 3B1.1(c), as ap-

11

plied in the instant case, operated as 'the functional equivalent of an element of a greater offense,' Torres claims that he has a right to "'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.'" Ring, 153 L.Ed 2d at 572, quoting United States v. Gaudin, 515 U.S. 506 (1995).

C.    Torres claims that his Fifth Amendment Right to Due Process was violated where his Indictment was constructively Amended.

An indictment is "constructively amended ... [if] either the government (usually during the presentation of evidence and/or its argument), or the court, broadens the bases for conviction beyond those presented to the grand jury." United States v. Sampson, 140 F.3d 585, 589-90 (4th Cir.1998). "[A]fter an indictment has been returned its charges may not be broadened through amendment, except by the grand jury itself." Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270 (1960), citing Ex parte Bain, 121 U.S. 1 (1997). See also, U.S. v. Rosario, 202 F.3d 54, 70-71 (1st Cir.2000)(constructive amendment of indictment violation of Grand Jury Clause when court permits jury to convict on evidence not included in indictment). "[A]n indictment may not be constructively amended by presenting evidence of uncharged offenses[.]" Id., at 202 F.3d, at 71. "[C]onstructive amendment ... is erro per se, and must be corrected on appeal even when the defendant did not preserve the issue by objection." U.S. v. Randall, 171 F.3d 195, 203 (4th Cir.1999).

Accordingly, the Supreme Court has now clearly defined, as Torres earlier recounted, that when a **fact** exposes a defendant to a penalty exceeding the maximum "authorized by the jury's guilty verdict," it "is the functional equiva-

12

lent of an element of a greater offense than the one covered the jury's guilty
verdict." Ring, 122 S.Ct. at 2441.  Because Torres was exposed to factors that
exposed him to a penalty exceeding the maximum "authorized by the jury's guilty
verdict," Torres has been convicted and sentenced to what has been described
"by definition [as] [an] 'elemen[t]' of a separate legal offense." 530 U.S. at
483 n.10.

Consequently, Torres's indictment has been constructively amended, and
therefore, requires correction. See, e.g., U.S. v. Shipsey, 190 F.3d 1081,
1086 (9th Cir.1999)(substantive amendment per se reversible error because de-
fendant convicted of crime not alleged in grand jury indictment); United States
v. Nunez, 180 F.3d 227, 231 (5th Cir.1999)(constructive amendment per se rever-
sible error when defendant convicted of crime separate from crime alleged in in-
dictment); accord U.S. v. Dunn, 758 F.2d 30, 35 (1st Cir.1985). See, esp.,
U.S. v. Cotton, 261 F.3d 397, 405 (4th Cir.2001)(acknowledging constructive a-
mendment under Apprendi's analysis where the court sentenced defendants for more
serious crime), reversed on other grounds, 535 U.S. —, 152 L.Ed 2d 860 (2002).
Accord, U.S. v. Thomas, 274 F.3d 655, 671 (2d Cir.2001)("[T]he indictment char-
ged a conspiracy to distribute an unspecified amount of drugs, Thomas was con-
victed of conspiracy to ... distribute 5 kilograms ... cocaine and 50 grams ...
of cocaine base ..., we conclude that the error is more akin to a constructive
amendment than a variance)(en banc).

Confronted with such a proven claim, an appellate court has the inherent po-
wer to remedy the constitutional violation. See, U.S. v. Dhinsa, 243 F.3d 635,
674 (2d Cir.2001)("[A] reviewing court may vacate the conviction and sentence

13

for the greater offense and enter judgement of conviction on the lesser offense (or, in the alternative, remand to the trial court with instructions to enter judgement of conviction on the lesser offense)"); see also Rutledge v. United States, 517 U.S. 292, 306 (1996).