LUIS MARTINEZ-TORRES
REG. NO.80208-038
Fed. Corr. Inst.
Gilmer
P.O. BOX 6000
GLENVILLE, WV 26351-6000



IN THE UNITED STATES COURT
FOR THE DISTRICT OF MASSACHUSETTS

LUIS MARTINEZ-TORRES,  :

    Petitioner,

v.  :  CIVIL ACTION
    No. 04-40026(NMG)

UNITED STATES OF AMERICA,

    Respondent.  :

PETITIONER'S REPLY TO THE GOVERNMENT'S OPPOSITION TO
PETITIONER'S §2255 MOTION.

## PRELIMINARY STATEMENT

As an initial matter, it should be noted that the Government made mention that, the facts are taken from the presentence report. Govt's Opp. at 2. The Bureau of Prisons have implemented policy, whereby, inmates are not allowed to possess copies of their PSRs. However, petitioner may obtain a copy of his PSR through order of the court. Ergo, without a copy of his PSR, petitioner is at a disadvantage and cannot properly agree or disagree with the facts alleged in the government's opposition, pertaining to facts in the PSR. [1]

On June 1, 2003, petitioner pled guilty to counts one (1) and three (3) of a superseding indictment. Petitioner was named in three of four counts of the indictment. Count one (1) alleged that petitioner conspired with four others to distribute a quantity of cocaine base, in violation of 21 U.S.C. §846. No quantity was alleged in the indictment. Count three (3) alleged that on or about October 22, 1999, the petitioner, along with two others, possessed with the intent to distribute, and did distribute a quantity of cocaine base, in violation of 21 U.S.C. §841. Again, no quantity was alleged in this count of the indictment.

On June 1, 2003, at petitioner's Rule 11 hearing, the Assistant United States Attorney was asked by the court to tell the defendant exactly what facts the government would prove if

---

[1]  Facts are based on documents that are in possession of petitioner.

the matter were to go to trial. The AUSA proffered that the government would have (1) proven beyond a reasonable doubt that petitioner was involved in a conspiracy to distribute more than five grams of cocaine base from August through December 1999, (2) that on October 22, 1999, an undercover DEA agent purchased 1.5 grams of crack cocaine from petitioner and others, and later the same day, 12.4 grams; and (3) on December 9, 1999, a search warrant was executed at 27 Payson Street, where Mr. Martinez-Torres was arrested and further crack was seized at that time.[2/]

## SUMMARY OF THE ARGUMENT

Petitioner pled guilty to counts one (1) and two (2) without a plea agreement. He does not dispute the facts to which he pled guilty. Other than the fact, no crack was found when he was arrested during the December 9, 1999, search. Petitioner did conspire with others to distribute five or more grams of cocaine base. He agrees that there were a total of 13.9 grams of cocaine base and 3.3 grams of cocaine hydrochlcride. He also agrees he was subject to a mandatory minimum of five years imprisonment for distribution of five or more grams of cocaine base.

However, petitioner was sentenced in accordance with the USSG, and was determined by the court to have a criminal history score of I. The base offense level for possession of five grams or more of cocaine base, according to USSG 2D1.1(c), is a level 26. Petitioner's sentencing guideline range is set at 63-78 months. However, based upon facts determined by the court and

---

[2/]   In the Government's Opposition at 4-5, they stated, "on December 9, 1999, Agents executed a search warrant at 27 Payson Street. Inside the apartment they arrested petit-

-2-

the Probation Department, including proferred statements from co-operating codefendants. The court held petitioner accountable for the equivalent of approximately 13,000 kilograms of marijuana, which resulted in a base offense level of 36. This 13,000 kilograms of marijuana, on the conversion table represents 650 grams of crack. This was approximately 636 grams more than the 13.9 grams petitioner admitted. Petitioner's base offense level should have been level 26, based on the 13.9 grams of cocaine base and 3.3 grams cocaine.

This court also determined petitioner was a leader/organizer, and added an additional two levels for petitioner's alleged role in the offense, resulting in an offense level of 38. A two level reduction for acceptance of responsibility was determined by the court giving petitioner a total offense level of 36 and sentenced him to 188 months imprisonment. Petitioner's Due Process Right to a jury trial was violated when the court made findings of facts increasing petitioner's sentence beyond the facts admitted by petitioner during the plea colloquy.

## ARGUMENT

The Government's response contends, Petitioner's claims were raised in the Court of Appeals and decided, this court

---

(CONTINUATION)
    ioner...Agents recovered four bags of rock-like substance was submitted to the DEA lab and determined to contain cocaine, not cocaine base, with a net weight of 3.3 grams. See, PSR ¶18.

should refuse to allow Petitioner to relitigate in this §2255; Petitioner had a full and fair opportunity to litigate his constitutional claims and in the Court of Appeals, and he did so, and he lost; This court should exercise its discretion and not second guess the Court of Appeals. Govt's Opp. at 8; 13 and 14.

However, it's absolutely necessary for this court to review this claim. The decision of the First Circuit was in error. Prior to The United States Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. \_\_\_\_ (2004). The First Circuit's interpretation of the term "statutory maximum," as announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466(2000), was thought to mean, the maximum sentence provided by the United States Codes.

Subsequently, The Supreme Court in <u>Blakely v. Washington</u>, 542 U.S. \_\_\_\_ (2004), stated that:

> "our precedents make clear, however, that the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant;
>
> In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."

(Slip Opinion at 7).

In this instant, the Petitioner's direct appeal was denied based on this misinterpretation of the term "statutory maximum." Therefore, this court should review Petitioner's claim in light of The United States Supreme Court's recent decision, <u>Blakely</u>

-4-

v. Washington, 542 U.S. \_\_\_\_\_(2004)(Slip Opinion).

Further, Government argues, Petitioner's claims are contrary to Supreme Court jurisprudence and should be denied on the merits; Because Petitioner pleaded guilty to conspiring to distribute more than five grams of cocaine base. The District Court was authorized to sentence Petitioner up to forty years incarceration (with a mandatory minimum of five years incarceration, not at issue in the petition); Petitioner's sentence of 188 months is well within this range, and hence there was no Apprendi violation. Govt's Opp. 15.

However, the "statutory maximum" for Apprendi purpose is the maximum sentence a judge may impose soley on the basis of the facts reflected in the jury verdict or admitted by the defendant. Blakely, 542 U.S. \_\_\_\_\_(2004)(Slip Opinion at 7).

In this case, Petitioner was indicted for five or more grams of cocaine base. He pled guilty to 13.9 grams of cocaine base and 3.3 grams of cocaine hydrochloride. The imposable sentence for this amount is 63-78 months. The maximum sentence is 78 months.

However, this court imposed a sentence of 188 months. The facts resulting in this sentence, were not contained in the indictment, and were not admitted to by the Petitioner. The sentence of 188 months was beyond the statutory maximum of 78 months.

Therefore, Petitioner's sentence beyond the statutory maximum, is in violation of his Sixth amendment right and the rule of law announced in Apprendi.

Further, The Government contends, <u>Blakely</u> does not support Petitioner's claims; <u>Blakely</u> constitutes a "new constitutional rule of criminal procedure," which is not retroactively applicable to cases that become final before the decision was announced; <u>Blakely</u> is a new procedural rule which does not fall within the so-called "watershed" exception, and hence is not retroactively applicable to the instant collateral attack on a conviction. Govt's Opp. at 16; 18.

However, in <u>Blakely</u>, the Supreme Court applied the rule of law announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466(2000), which stated:

> "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed <u>statutory maximum</u> must be submitted to a jury, and proved beyond a reasonable doubt."

<u>Id.</u>, 530 U.S. at 490. Moreover, in <u>Blakely</u>, The Supreme Court clarified the interpretation of the term "<u>statutory maximum</u>," announced in <u>Apprendi</u>. Therefore, the clarification announced in <u>Blakely</u> must relate back to the holding in <u>Apprendi</u>.

Further, The Government contend, <u>Blakely</u> does not support Petitioner's claim that the process by which the District Court made findings and increased the applicable Guideline range violated Petitioner's Sixth Amendment right to a jury trial or constructively amended the indictment to charge an aggravating crime. The reason is that unlike the Washington State sentencing scheme at issue in <u>Blakely</u>, the U.S. Sentencing Guidelines are part of a larger system which fully vindicates the Fifth and Sixth Amendment rights of defendants;

Blakely not only explicitly declined to express a view on the Federal Sentencing Guidelines, but there is nothing in the decision to support the claim that, as here, fact-finding by the District Court that leads to a sentence below the only statutory maximum, constructively amends an indictment or violates a defendant's Sixth Amendment right to a jury trial. This court accordingly should continue to adhere to the law as it stands and deny both of Petitioner's claim. Govt's Opp. at 22; 28.

However, in Apprendi v. New Jersey, 530 U.S. 466(2000), The Supreme Court stated, that:

> "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Id., 530 U.S. at 490. Additionally, in Blakely v. Washington, 542 U.S. \_\_\_\_ (2004), The Supreme Court further held, that: "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Blakely, supra, Slip Opinion at 7.

In this instant, Petitioner's statutory maximum sentence is 78 months. The court imposed a sentence of 188 months. This is one hundred and ten(110) months beyond the statutory maximum. Moreover, the facts, that increased Petitioner's sentence beyond the statutory maximum sentence of 78 months, were not submitted to a jury, proved beyond a reasonable doubt, listed in the indictment, or admitted by Petitioner.

Therefore, Petitioner's sentence is not consistent with the rule announced in <u>Apprendi</u>, and is in violation of the Sixth Amendment.

## IN CONCLUSION

The Petitioner prays that this court grant this petition.

RESPECTFULLY SUBMITTED,

LUIS MARTINEZ-TORRES
REG. NO. 80208-038
FCI-GILMER
GLENVILLE, WV 26351-6000
PRO-SE.

DATED: August 9, 2004

## CERTIFICATE OF SERVICE

I, <u>Luis Martinez-Torres</u>, do hereby certify that on the ___9___ th day of August in the year of 2004, did send a copy of a Traverse to The Government's Reply to a 28 U.S.C. §2255 motion, to:

> DAVID HENNESSY
> ASST. U.S. ATTORNEY
> 595 MAIN STREET
> SUITE 206
> WORCESTER, MA 01608

This was done by placing said documents in an Institutional Mailbox designed for outgoing mail. Postage was paid for regular mail.

RESPECTFULLY SUBMITTED,

LUIS MARTINEZ-TORRES

DATED: August 9, 2004

-8-