# United States District Court
# District of Massachusetts

LUIS MARTINEZ-TORRES,
    Petitioner,

V.                           CIVIL ACTION NO. 2004-40026-NMG

UNITED STATES OF AMERICA,
    Respondent.

## *REPORT AND RECOMMENDATION ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (#1)*

COLLINGS, U.S.M.J.

    The petitioner's Motion, Etc. (#1), filed on February 25, 2004, is based on the argument that he was sentenced on the basis of factors which had to be established by a jury under the holding of *Blakeley v. Washington,* 540 U.S. 296, 302-5 (2004). The Government's Memorandum, Etc. (#7), and the Petitioner's Reply, Etc. (#9) were filed on July 12, 2004 and August 17, 2004 respectively.

Inexplicably, the case was not referred to the undersigned for a Report and Recommendation until May 10, 2006. In the almost two years since the last brief was filed, there have been significant legal developments in the area, to say the least. Normally, the Court would require that the parties file supplemental briefs, but that is unnecessary because applying the law as it stands today, the petitioner is not entitled to the relief he seeks.

On January 12, 2005, the Supreme Court decided the *Booker* and *Fanfan* cases which resolved the issue of whether the holding of *Blakeley* was applicable to the federal Sentencing Guidelines. The question in the instant case is whether that decision is to be applied retroactively so as to afford petitioner relief.

When it rendered its decision, the Supreme Court ruled that the holding of *Booker/Fanfan* must be applied to all cases on direct review at that time. *United States v. Booker,* 543 U.S. 220, 267-8 (2005). In the instant case, direct review of petitioner's sentence was completed on March 25, 2003 when the Court of Appeals issued its mandate dismissing his direct appeal. So petitioner's case was not on direct review when the *Booker/Fanfan* cases were decided.

Courts of Appeals have held that the *Booker/Fanfan* holding is not

retroactive as to defendants whose convictions became final before the date of the *Booker/Fanfan* decision. *Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1 Cir., 2005) (citing cases). The First Circuit has "...held that petitions under 28 U.S.C. § 2255 are unavailable to advance *Booker* claims in the absence of a Supreme Court decision rendering *Booker* retroactive." *United States v. Fraser,* 407 F.3d 9, 11 (1 Cir.,2005) citing *Cirilo-Munoz,* 404 F.3d 527. *See also Richardson v. United States,* 2005 WL 3272430, * 1 (D. Mass., 2005).

Since the Supreme Court has not issued a decision rendering *Booker* retroactive and since petitioner's sentence became final on March 25, 2003 when the mandate of the Court of Appeals issued, he is not entitled to relief. Accordingly, I RECOMMEND that the Motion to Set Aside, Vacate or Correct Sentence (#1) be DENIED and that JUDGMENT enter DISMISSING the above-styled § 2255 Petition.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which

objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

May 30, 2006.